UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

FRANK J. MINEO,

    Plaintiff,

v.                                                                                                 CASE NO. 8:10-cv-2716-T-35MAP

MICHAEL J. ASTRUE,
Commissioner of Social Security,

    Defendant.
_____/

## REPORT AND RECOMMENDATION

Plaintiff seeks judicial review of an administrative decision denying his claim for disability insurance benefits. *See* 42 U.S.C. §405(g). Although he raises a host of issues, only one requires discussion – whether the Commissioner appropriately weighed the medical opinions of his treating physicians. Because I find the Commissioner failed to meet the regulatory demands for considering such opinions at step five of the sequential analysis, I recommend the district judge enter judgment for the Plaintiff and remand the matter for further administrative proceedings.[1]

*A. Background*

Plaintiff, who was forty-one years old at the time of his administrative hearing (May 2008), alleges a disability onset date of April 2, 2003, with a last date of insured on

---

[1] The district judge referred this matter to me for report and recommendation. *See* Local Rule 6.01(c)(21).

December 31, 2008. With about two years of college, he has relevant work as a truck driver, cabinet maker, newspaper carrier, wheel assembler, printer mechanic, garbage collector, and construction worker. Notably, the Plaintiff has suffered multiple automobile accidents over the years. And, he has an extensive medical record supporting the severe impairments the ALJ listed: status post cervical spine fusion (anterior cervical discectomy and fusion at C3-C6 in October 2005) with multiple level bulges, lumbar spine small to moderate herniated nucleus pulposus, degenerative disc disease with bulges, and moderate asthma. Given this history, Plaintiff's primary longstanding complaint has been pain. Since 2001, the Plaintiff's physicians have treated him aggressively and continuously for pain to include not only narcotics (i.e. oxycodone) but multiple procedures: multiple facet injections at L3-4, L4-5, and L5-S1, multiple cervical medial branch nerve injections, epidural steroid injections, lumbar puncture for narcotics administration, and a morphine pump. Of note, the Plaintiff's daily morphine dosage has increased from 3.5mg a day at the pump's outset (September 2006) to 20mg a day by the time of the ALJ's decision (January 2009) (R. 94, 860).

In March 2005, a few months before the Plaintiff's cervical fusion, his treating physician, Dr. Fonte, completed a functional assessment (R. 559-565). The physician noted the Plaintiff suffered from disorders of the spine with compromise of a nerve root, cauda equine, or the spinal cord, herniated nucleus pulposus, degenerative disc disease, facet arthritis, and nerve root compression. Plaintiff suffered from neck and back tenderness and spasms from multiple pathologies (as confirmed by his MRI). His spinal disorders could be expected to persist twelve months despite the prescribed therapy, and these findings were

supported by radiological evidence. The Plaintiff's neck and back pain, in Dr. Fonte's opinion, prohibited the Plaintiff from continuously sitting for more than an hour and sitting throughout the day for no more than 4 hours. As for standing, the physician opined the Plaintiff could stand for no more than ½ hour at a time and no more than 2 hours throughout the day. Due to the Plaintiff's constant neck and back pain, frequent bending, stooping, crouching, kneeling and reaching would be aggravating stressors.

From all this, the ALJ found Plaintiff had the residual functional capacity (RFC) to perform sedentary work as defined in 20 CRF 404.1567(a).[2] Specifically, the Plaintiff can occasionally climb, balance, stoop, kneel, crouch, and crawl, but would be unable to climb long vertical ladders, scaffolds and ropes; Plaintiff is to avoid activities with a sudden twist of the neck or head and avoid unprotected heights; Plaintiff should avoid concentrated exposure to noxious fumes, dust, gases, or poorly ventilated areas; and, Plaintiff would require a sit/stand option. The ALJ concluded this RFC prohibited the Plaintiff from performing his past relevant work; however, based on a vocational expert's testimony, the Plaintiff could perform other jobs at the sedentary level (final assembler, production

---

[2] The regulations define "sedentary work" as:

> [L]ifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools. Although a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is often necessary in carrying out job duties. Jobs are sedentary if walking and standing are required occasionally and other sedentary criteria are met. *See* 20 C.F.R. § 404.1567(a).

inspector, order and complaints). After a hearing, the ALJ denied Plaintiff's disability claim at step five of the sequential analysis, and the Appeals Council denied Plaintiff's request for review.

*B. Standard of Review*

To be entitled to disability insurance benefits a claimant must be unable to engage in any substantial gainful activity by reason of a medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. § 423(d)(1)(A). A "physical or mental impairment" is an impairment that results from anatomical, physiological, or psychological abnormalities, which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques. 42 U.S.C. § 423(d)(3).

The Social Security Administration, in order to regularize the adjudicative process, promulgated the detailed regulations that are currently in effect. These regulations establish a "sequential evaluation process" to determine whether a claimant is disabled. 20 C.F.R. §404.1520. If an individual is found disabled at any point in the sequential review, further inquiry is unnecessary. 20 C.F.R. §404.1520(a). Under this process, the ALJ must determine, in sequence, the following: whether the claimant is currently engaged in substantial gainful activity; whether the claimant has a severe impairment, i.e., one that significantly limits the ability to perform work-related functions; whether the severe impairment meets or equals the medical criteria of Appendix 1, 20 C.F.R. Subpart P; and whether the claimant can perform his or her past relevant work. If the claimant cannot

perform the tasks required of his or her prior work, step five of the evaluation requires the ALJ to decide if the claimant can do other work in the national economy in view of his or her age, education, and work experience. A claimant is entitled to benefits only if unable to perform other work. *Bowen v. Yuckert*, 482 U.S. 137, 140-42 (1987).

In reviewing the ALJ's findings, this Court must ask if substantial evidence supports those findings. *Richardson v. Perales*, 402 U.S. 389, 390 (1971). The ALJ's factual findings are conclusive if "substantial evidence" consisting of "relevant evidence as a reasonable person would accept as adequate to support a conclusion" exists. 42 U.S.C. § 405(g); *Keeton v. Dep't of Health and Human Servs.*, 21 F.3d 1064, 1066 (11th Cir. 1994). The court may not reweigh the evidence or substitute its own judgment for that of the ALJ even if it finds that the evidence preponderates against the ALJ's decision. *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983). Further, the Commissioner's failure to apply the correct law, or to give the reviewing court sufficient reasoning for determining that he has conducted the proper legal analysis, mandates reversal. *Keeton*, 21 F.3d at 1066; *Jamison v. Bowen*, 814 F.2d 585, 588 (11th Cir. 1987) (remanding for clarification).

*C. Discussion*

Plaintiff contends that the ALJ failed to give the regulatory deference due treating physician's opinions. At issue are the opinions of two treating physicians – Dr. Fassy, who opined the Plaintiff is permanently and totally disabled, and Dr. Fonte, who opined in a functional assessment that the Plaintiff could not perform the demands of even sedentary work. Of more concern is Dr. Fonte's assessment, which is where I find the ALJ's

evaluation wanting.

The law of this circuit requires that the testimony of a treating physician be given substantial or considerable weight unless "good cause" is shown to the contrary. *Lewis v. Callahan*, 125 F.3d 1436, 1440 (11th Cir. 1997). "Good cause" exists where the doctor's opinion was not bolstered by the evidence, where the evidence supported a contrary finding, or where the doctors' opinions were conclusory or inconsistent with their own medical records. *Id*. The regulations echo this preference:

> Generally, we give more weight to opinions from your treating sources, since these sources are likely to be the medical professionals most able to provide a detailed, longitudinal picture of your medical impairment(s) and may bring a unique perspective to the medical evidence that cannot be obtained from the objective medical findings alone or from reports of individual examinations, such as consultive examinations or brief hospitalizations.[3]

When evaluating a treating source's opinion, the Commissioner should consider: the frequency of examination and the length, nature, and extent of the treatment relationship; the evidence supporting the opinion ( "[t]he more a medical source presents relevant evidence to support an opinion, particularly medical signs and laboratory findings, the more weight" that opinion is given); the opinion's consistency with the record as a whole; an opinion from a specialist is to be accorded greater weight; and whether the remaining medical source evidence supports the opinion. 20 C.F.R. § 404.1527(d)(1)-(5).[4] If the ALJ disagrees with

---

[3] *See* 20 C.F.R. §§ 404.1527(d)(2)

[4] The medical record suggests that Dr. Fonte is a specialist in spinal issues as his records are marked by a reference to a "Center for Spine Pain."

a treating source's opinion, the ALJ must clearly articulate the reasons. The failure to do so is reversible error. *Lewis* at 1440.

Dr. Fonte opined the Plaintiff could not sit continuously for more than an hour and sit throughout the day no more than 4 hours in total. As for standing, the Plaintiff could stand for no more than ½ hour at a time and no more than 2 hours throughout the day. Despite saying he afforded Dr. Fonte's assessment "significant weight," the ALJ clearly rejected Dr. Fonte's opinions. The ALJ's hypothetical to the VE, which approximated Dr. Fonte's functional assessment, supports this conclusion:

> What if the hypothetical individual would need to be sitting at the most 45 minutes at a time and standing would be limited to 10 to 15 minutes and walking to 100 yards for a total of two hours sitting and a total of two hours walking at a time, a total during an eight-hour day?

The VE answered such limitations would "eliminate *those* jobs (the limited sedentary ones the ALJ said the Plaintiff could do based on the VE's prior testimony) and *anything else* on a full-time basis." *See* R. 930. Either the ALJ silently rejected Dr. Fonte's assessment or just tacitly ignored its import. To the extent he gives any explanation for its rejection, he comments that Dr. Fonte never said the Plaintiff "was disabled at any time during the [the physician's] treatment of [Plaintiff]," an observation that infers the Plaintiff could therefore work. *See* R. 29. Such a rationalization does not satisfy *Lewis's* "good cause" standard.[5]

---

[5] Admittedly, Dr. Fonte's assessment predated the Plaintiff's cervical fusion, a procedure that apparently alleviated some of the Plaintiff's spinal issues, at least to a degree. But the fusion did not address the Plaintiff's remaining pathologies, as the insertion of the morphine pump evidences.

7

That the ALJ would comment on a physician's failure to give an explicit disability opinion is odd because a treating source's opinion that a claimant is unable to work would not be a "medical opinion" per the regulations. That issue is reserved to the Commissioner. *See* 20 C.F.R. § 404.1527(e). Yet, when confronted with such an opinion, the ALJ must evaluate all the evidence to determine the extent that it is supported by the record. But the opinion is never entitled to controlling weight or special significance. S.S.R. 96-5p, 1996 WL 374183, *1-3 (S.S.A.). Here, the ALJ found Dr. Fonte's omission relevant to the disability determination. And that logic brings up the Plaintiff's complaint about the opinions of a second treating physician – Dr. Fassey.

Dr. Fassey, like Dr. Fonte, treated Plaintiff extensively. While he apparently did not complete an assessment like Dr. Fonte, he repeatedly opined in his notes that Plaintiff was permanently and totally disabled (R. 276, 281, 284, 286, 881, 879, 892). Such a finding counters the relevance the ALJ imparted to Dr. Fonte's failure to opine. This picking and choosing of the record is problematic. The regulations dictate that "every medical opinion" received "will [be] evaluate[d]." 20 C.F.R. §§ 404.1527(d). An ALJ may not arbitrarily reject or ignore uncontroverted medical evidence. *McCruter v. Bowen,* 791 F.2d 1544, 1548 (11th Cir. 1986) (administrative review must be of the entire record; accordingly, ALJ cannot point to evidence that supports the decision but disregard other contrary evidence); *Goodley v. Harris,* 608 F.2d 234, 236-37 (5th Cir. 1979) (ALJ may not choose to

"arbitrarily ignore" uncontroverted medical testimony).[6] Here the medical evidence strongly supports the view that the Plaintiff's spinal impairments are degenerative and that the Plaintiff's condition in early 2005, when Dr. Fonte issued his assessment, worsened by his last date insured, which fell at the end of December 2008.[7]

C. Conclusion

For the reasons stated, it is hereby

RECOMMENDED:

1. That the Commissioner's decision be reversed, and

2. That judgment be entered for the Plaintiff with instructions remanding the matter for further administrative proceedings consistent with this report.

IT IS SO REPORTED in Tampa, Florida on January 24, 2012.

_____
MARK A. PIZZO
UNITED STATES MAGISTRATE JUDGE

**NOTICE TO PARTIES**

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its service shall bar an

---

[6] The Eleventh Circuit in an *en banc* decision, *Bonner v. City of Prichard, Ala.*, 661 F.2d 1206, 1209 (11th Cir. 1981), adopted as precedent decisions of the former Fifth Circuit rendered prior to October 1, 1981.

[7] Given my finding that remand is required, I find it unnecessary to address the Plaintiff's remaining issues.

9

aggrieved party from attacking the factual findings on appeal. 28 U.S.C. § 636(b)(1).


cc: The Honorable Mary S. Scriven
 Counsel of Record